IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAUL E. BARCH, JR.                                                                          PLAINTIFF

        v.                              Civil No. 12-5277

WASHINGTON COUNTY DETENTION
CENTER; STATE PROSECUTOR'S
OFFICE; WASHINGTON COUNTY
SHERIFF'S OFFICE; STATE OF ARKANSAS;
and the CITY OF FAYETTEVILLE, ARKANSAS                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Paul E. Barch, Jr., filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, Barch was arrested and booked into the Washington County Detention Center (WCDC) on a "check charge stemming from 1996." The warrant was issued in 1996.

Barch alleges that Defendants had multiple chances to pick him up on the warrant "but were not so inclined." Barch states that he straightened up his act in the past several years and was "clean."

Barch's bond was set at $25,000. He believes this amount was excessive. In fact, he states he was housed with an individual who had been an armed car jacker and had a dozen or so charges who's bond was only $26,000.

As relief, Barch seeks compensatory and punitive damages. He also asks that the Defendants be required to acknowledge the wrong that they had committed.

**2. Discussion**

Barch's claims are subject to dismissal. First, the State of Arkansas is not subject to suit under 42 U.S.C. § 1983. The claims are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." Williams v. Missouri, 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (quoting Papasan, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." Burk v. Beene, 948 F.2d 489, 493 (8th Cir. 1991)(citing Quern v. Jordan, 440 U.S. 332, 342 (1979)).

Second, there is no allegation that the Prosecuting Attorney was involved in serving the warrant and had no authority to set bond. "[S]etting the bail bond is entirely at the discretion of the presiding judge." Walden v. Carmack, 156 F.3d 861, 874 (8th Cir. 1998). Similarly, none of the other entities named as Defendants were involved in the setting of the bond.

Third, the Washington County Detention Center and the Washington County Sheriff's Office are not subject to suit under § 1983. Barket, Levy & Fine, Inc. v. St. Louis Thermal

AO72A
(Rev. 8/82)

Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991)(agency exercising state power is not a person subject to suit under § 1983).

Finally, Barch does not make any allegations against the City of Fayetteville in his statement of the claim. He has therefore failed to state a claim against the City.

### 3. Conclusion

For the reasons stated, I recommend that the case be dismissed for failure to state a claim.

**Barch has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Barch is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE